BROAT LUMBER CO., Respondent, v. VAN HOUTEN, Appellant.

(No. 5,062.)

(Submitted March 5, 1923.  Decided March 19, 1923.)

[213 Pac. 1116.]

*Pleading and Practice—Counterclaims—Conditions Precedent—*
*Performance—Failure to Plead—Fatal Defect.*

Counterclaim—Rule of Pleading.
    1.  In pleading a counterclaim the defendant is governed by the
same rules which control the plaintiff in stating his cause of action,
*i. e.,* the pleader must state a cause of action and prove all the
necessary allegations to entitle him to recover.

Pleading — Condition Precedent — Performance — Failure to Plead—Fatal
Defect.
    2.  Where the right of recovery is dependent upon the happening of
a condition precedent, the happening of the condition must be al-
leged.

Counterclaim—Condition Precedent—Performance—Insufficiency of Plead-
ing.
    3.  *Held,* under the above rules, that where defendant in an action
to recover the purchase price of building materials interposed a
counterclaim for commissions due him from plaintiff under an agree-
ment that if defendant contractor should purchase from plaintiff
all materials he might need in his building operations he should re-
ceive ten per cent on the purchase price as commissions, did not
allege performance of the condition precedent, to-wit, that he had
purchased all his materials from plaintiff, or set forth an excuse for
not doing so, the pleading was fatally defective.

*Appeal from District Court, Big Horn County; Robert C.*
*Stong, Judge.*

ACTION by the J. M. Broat Lumber Company against J. W.
Van Houten. Judgment for plaintiff, and defendant appeals.
Affirmed.

*Messrs. Guinn & Maddox,* for Appellant, submitted a brief.

*Mr. C. F. Gillette,* for Respondent, submitted a brief and
argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

Plaintiff instituted this action to recover from defendant an amount alleged to be due for lumber and building materials sold defendant. In his answer defendant set out a counterclaim, the substance of which is as follows: "That on or about, to-wit, January 7, 1919, and again on a date prior thereto, the plaintiff promised and agreed with the defendant that for and in consideration of the defendant's purchasing all lumber and building materials used by him from and of the plaintiff in building contracts in which the defendant was the contractor and builder for the year 1919, and in order to increase the plaintiff's business, the plaintiff offered and agreed to pay to the defendant a commission of ten per cent on the purchase price of all lumber and building material purchased of the plaintiff and which were used by the defendant in all building contracts in which the defendant was the contractor and builder for the year 1919." Nowhere in the counterclaim is it alleged that defendant did purchase any lumber or building materials which were used by him in building contracts in which he was the contractor and builder, pursuant to the agreement as alleged. The case was tried to a jury. At the close of the testimony plaintiff requested the giving of certain instructions, among them being the following: "You are instructed that the defendant is not entitled to recover under his counterclaim." That instruction was given by the court, a verdict was returned in favor of the plaintiff, and judgment was entered thereon. Defendant moved for a new trial, which motion was overruled. The appeal is by the defendant from the judgment.

The only question presented is whether or not the court erred in giving to the jury the peremptory instruction set out above.

A defendant seeking to recover upon or to set off against a [1] plaintiff's cause of action an amount claimed to be due on a counterclaim must be governed by the same rules which con-

trol the plaintiff as to his cause of action; that is, the counter-claim must state a cause of action against the plaintiff, and he must likewise prove all the necessary allegations thereof. In the case at bar the defendant did not allege or prove a cause of action against the plaintiff.

It is true that the allegation of the counterclaim is that the [2,3]   consideration for plaintiff's agreeing to allow defendant a commission on sales made by the plaintiff was that defendant should purchase all the lumber and building materials used by him from plaintiff. The form of the allegations, however, is not material. It is apparent that defendant's purchases were to be a condition precedent to his being entitled to any com-mission. Section 7402, Revised Codes of 1921, provides: ''A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed.'' It will be noticed that the allegation is not that in consideration of defendant's *agreeing* to purchase all lumber, but, in consideration of defendant's *purchasing* all lumber, defendant was to be entitled to commission. Section 7405, Revised Codes of 1921, states the rule that ''Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself.'' The rule of pleading is that, where the right of recovery is dependent upon the happening of a condition precedent, such happening must be alleged. (See *Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 545.) There is in the counterclaim no allegation of performance by defendant. We might add in passing that there is no allegation of excuse for nonperformance. The counterclaim as pleaded was there-fore fatally defective. Even if the counterclaim had contained the necessary allegation, the proof was insufficient.

This court has said: ''We adopt the following from 16 Encyclopedia of Pleading and Practice, 178: 'Whatever, in general, it is necessary for a plaintiff to prove to make out his cause of action, it is necessary for him to allege in his com-plaint, and whatever facts it is necessary for a plaintiff to

[66 Mont. 478.]

allege, it "follows as a logical sequence," must be proved.' So manifestly just and sensible is this rule that one is surprised to find that it is not universally recognized and applied." (*Yancey* v. *Northern Pac. Ry. Co.,* 42 Mont. 342, 112 Pac. 533.)

The testimony of the defendant himself affirmatively shows that he did not purchase from the plaintiff all the lumber and building material which he himself purchased. In answer to the question, "In what contracts were you engaged in the year 1919, Mr. Van Houten?" he stated: "Mr. M. M. Brooks' addition to his building; Mr. John Mahoney's building; Mr. Lobdell's building; the Farming Corporation's building; Mr. Scott's addition—I believe that is all I was engaged in, up until along in the fall, and then I had a contract for Mr. Gladden. Mr. Broat's lumber was used on all these contracts with the exception of Mr. Gladden's job. These jobs that I have mentioned, all the lumber was purchased by the owner. I had nothing to do with purchasing the lumber for any of them." He also testified: ."I bought the lumber for the Gladden job; I bought it at the Thompson Lumber Company." The reason for defendant's failure to plead performance is apparent from the proof. He could not do so, for the reason that he had not done the very things on which his right to commissions depended. Since the counterclaim as alleged was fatally defective, and since the proof affirmatively shows that the defendant was not entitled to recover thereon, there was no error committed by the trial court in taking the counterclaim away from the jury.

We recommend that the judgment be affirmed.

Per Curiam: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*