GALLAND, APPELLANT, *v.* GALLAND, RESPONDENT.

(No. 5,461.)

(Submitted April 26, 1924. Decided May 19, 1924.)

[226 Pac. 511.]

*Divorce—Counterclaim—Technical Defects—Pleading—Implied Amendment—Appeal.*

Pleading—Rules Applicable to Counterclaims.
   1. Where defendant interposes a counterclaim he in effect becomes a plaintiff, and whether his pleading states facts sufficient to entitle him to affirmative relief against the plaintiff is determinable by the same rules which would be applied to it as an original complaint, the general rules of pleading being applicable to counterclaims.

Appeal—Attack on Complaint for First Time on Appeal not Favored.
   2. While failure to question the sufficiency of a complaint by demurrer or otherwise in the district court does not amount to a waiver

of the right to question it on appeal, attack on that ground for the first time on appeal is regarded with disfavor.

Same—Where Trial had upon Evidence Introduced Without Objection Complaint Deemed Amended Unless Defect Basic.
3.   When a trial has been had upon evidence introduced without objection, a judgment for plaintiff will not be reversed for a defective complaint, but the pleading will be regarded as having been amended in the district court if necessary to sustain the judgment, unless the defect made the basis of objection is a matter which goes to the root of the cause of action.

Divorce—Counterclaim—Technical Defects Deemed Cured by Amendment.
4.   Where a counterclaim in an action for divorce stated the necessary jurisdictional facts and the cause was fully and fairly tried upon the merits without any objection to its sufficiency or to the introduction of evidence offered to sustain it, technical defects therein, easily curable by slight amendments, will be deemed to have been cured by amendment, and the judgment in favor of defendant upheld, under the above rules.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by Olga T. Galland for divorce against Alonzo C. Galland. Judgment for defendant on counterclaim and plaintiff appeals. Affirmed.

*Mr. Geo. A. Judson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. P. Costello,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

Alleging that defendant had been guilty of extreme cruelty toward her, plaintiff brought this action to obtain a decree of divorce from him on that ground.

The defendant filed an answer to the complaint, in which he denied the acts charged against him by plaintiff as her grounds for divorce, and by way of counterclaim and cross-complaint set up a cause of action for divorce upon the ground of extreme cruelty. To this counterclaim plaintiff filed a reply. The cause was tried before a jury. In response to special interrogatories submitted to them, the jury found that defend-

ant had not been guilty of extreme cruelty toward plaintiff, but that the plaintiff had been guilty of such conduct toward the defendant. These findings were adopted by the court, and a judgment rendered thereon granting defendant a divorce from the plaintiff. From this judgment plaintiff has appealed and brings up only the judgment-roll for review.

Appellant's only specification of error is that "The court erred in rendering a judgment for divorce in favor of the respondent because the cross-complaint does not state a cause of action."

No general or special demurrer was filed to the counterclaim, and no attack whatever was made thereon in the lower court; but its sufficiency is questioned for the first time on this appeal. So far as the record here discloses, no objection was made to the introduction of testimony thereunder at the trial.

As to the allegations of his counterclaim the defendant, in [1] effect, became a plaintiff, and whether his pleading states facts sufficient to entitle him to affirmative relief against the plaintiff is determined by the same rules which would be applied to it as an original complaint (*Broat Lumber Co.* v. *Van Houten,* 66 Mont. 478, 213 Pac. 1116), and the general rules of pleading are applicable thereto (*Word* v. *Moore,* 66 Mont. 550, 214 Pac. 79).

A failure to question the sufficiency of a complaint by de- [2] murrer or otherwise in the district court does not amount to a waiver of the right to question it afterwards, but when its sufficiency is attacked for the first time on appeal the objection is regarded with disfavor. (*Munson* v. *Solace,* 66 Mont. 70, 212 Pac. 1103.)

Section 9191, Revised Codes of 1921, provides: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

When a trial has been had upon evidence which has been
[3] introduced without objection, a judgment for the plaintiff
will not be reversed for a defective complaint, but the com-
plaint will be regarded as having been amended in the trial
court if this is necessary to sustain the judgment, unless the
defect made the basis of objection is a matter which goes to
the root of the cause of action. (*Ellinghouse* v. *Ajax Livestock
Co.,* 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481; *Moss* v.
*Goodhart,* 47 Mont. 257, 131 Pac. 1071.)

In the instant case the defendant's counterclaim states the
[4] jurisdictional facts of the marriage of the plaintiff and
defendant and the residence of the defendant in this state for
a period of more than one year immediately prior to the filing
of the same. While the further allegations thereof do not make
up a model pleading, the only defects therein urged by appel-
lant are technical and were easily curable by very slight amend-
ments.

In the decree which was entered, after reciting the pre-
liminary matters of submission of the issues to the jury and
its finding that the defendant had not been guilty of extreme
cruelty toward plaintiff, but that plaintiff had been guilty of
extreme cruelty toward the defendant, the court continues,
"and the court having considered said verdict and all of the
evidence offered and being advised in the premises, and it
appearing to the court that the findings of the jury were just
and fully warranted by the evidence and that such findings
should be adopted by the court   *   *   *   and that the plain-
tiff was guilty of extreme cruelty toward the defendant and
that the allegations of defendant's counterclaim and cross-com-
plaint have been proven and were true," and in consideration
thereof denied the plaintiff the relief which she sought, and
granted the defendant a divorce from the plaintiff.

From the foregoing it appears that the cause was fully and
fairly tried upon the merits without any objection to the suffi-
ciency of the defendant's counterclaim or to the introduction

of the evidence offered to sustain it. Under these conditions even though the counterclaim was technically defective, since it stated the jurisdictional facts, the rule announced in *Ellinghouse* v. *Ajax Livestock Co.*, and *Moss* v. *Goodhart, supra,* is applicable, and the counterclaim will be considered as having been amended in the trial court, so as to obviate the technical objections made to it by appellant in this court.

The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.