BINZEL, RESPONDENT, v. VIEHMANN, ADMINISTRATRIX, APPELLANT.

(No. 8,067.)

(Submitted April 24, 1940. Decided September 20, 1940.)

[106 Pac. (2d) 187.]

*Mr. Harold K. Anderson* and *Mr. Floyd O. Small,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Sherman W. Smith,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an appeal by defendant Julia Viehmann as administratrix of the estate of Herman Binzel, deceased, from a judgment for $3,505.03½ and costs rendered in favor of plaintiff Mary Binzel pursuant to verdict of jury.

The specifications of error which we must consider first are that the court erred in overruling, first, defendant's general demurrer to the complaint; second, her objection to the introduction of testimony on behalf of plaintiff; third, her motion for nonsuit; and, fourth, her motion for a directed verdict. The fifth and last specification which must be considered is that the

evidence is insufficient to sustain the verdict. We will first consider the ground urged under the first four specifications, that no cause of action was stated.

The suit was filed after the rejection by defendant of a creditor's claim. Plaintiff alleged that after January 1, 1935, she entered the employ of her brother, Herman Binzel, at an agreed wage of $5 per day, for her services performed in his confectionery store and in keeping house at premises owned jointly by them; that she had worked 750 days at that wage during 1935 and 1936 and until January 8, 1937, and that in accordance with the agreement and for her labor and services "she was entitled to wages" from Binzel in the amount of $3,750; that the agreement was to the effect that the said Herman Binzel "would pay said wages to plaintiff if and when he was able to do so and at some time in the future after he had completed payment on certain investment which he had made theretofore;" that during the year 1937 Binzel agreed that "he would assume and pay to her one-half of any and all moneys expended by her in making repairs" occasioned by the 1935 earthquakes to their jointly owned residence property, and that in accordance with the agreement plaintiff paid $587.35 for such repairs, and that by reason thereof Binzel "was indebted to her" for his one-half, or $293.67½; that at the time of his death on August 7, 1938, he "was indebted to plaintiff" in the amount of $4,043.67½; that defendant, as administratrix had rejected and refused to pay the claim or any part thereof and that she and the estate "are indebted" to plaintiff in that amount.

It will be noted that an attempt is made to state causes of action upon two entirely separate contracts, one for wages, and the other for reimbursement of one-half of the earthquake repairs. These two causes of action are intermingled contrary to the provisions of section 9130, Revised Codes. The proper remedy for this intermingling of causes would have been by motion to make the complaint more definite and certain by separately stating and numbering the causes of action. (*Galvin* v. *O'Gorman,* 40 Mont. 391, 106 Pac. 887; *Marcellus* v. *Wright,* 51 Mont. 559, 154 Pac. 714; *Roberts* v. *Sinnott,* 55 Mont. 369,

177 Pac. 252; *McLean* v. *Dickson,* 58 Mont. 203, 190 Pac. 924; *Jorud* v. *Woodside,* 63 Mont. 23, 206 Pac. 344; *Shipler* v. *Potomac Copper Co.,* 69 Mont. 86, 220 Pac. 1097; *Stiemke* v. *Jankovich,* 72 Mont. 363, 233 Pac. 904; *Fleming* v. *Consolidated Motor Sales Co.,* 74 Mont. 245, 240 Pac. 376; *Gravelin* v. *Porier,* 77 Mont. 260, 250 Pac. 823.)

The defect was waived by defendant's failure to object. (*Ayotte* v. *Nadeau,* 32 Mont. 498, 81 Pac. 145; *Fleming* v. *Consolidated Motor Sales Co.,* supra.) However, there was no ▮▮ waiver of the objection that the complaint does not state facts sufficient to constitute a cause of action. (Sec. 9136, Rev. Codes; *Calkins* v. *Smith,* 106 Mont. 453, 78 Pac. (2d) 74.) But where the complaint contains two attempted statements of causes of action intermingled and not separately stated and numbered, it is obvious that the objection raised by general demurrer or otherwise, that the complaint does not state facts sufficient to constitute a cause of action, cannot be sustained if either cause of action is sufficiently stated. This is not to say that in such case there is no remedy against a judgment based upon an insufficient cause of action intermingled with another cause, but merely that the remedy cannot be the objection made by general demurrer or otherwise that the complaint fails to state a cause of action. Obviously if one cause of action is stated in the complaint it is not destroyed by the mere intermingling with it of an insufficiently stated cause. Consequently we must examine the complaint to see if there are facts sufficient to constitute either cause of action and, if so, the trial court cannot be put in error for overruling that objection.

With reference to the first cause of action, defendant contends ▮ that the agreement set up was so vague and indefinite as to be wholly void, since the complaint alleges that Binzel was to pay wages to plaintiff "if and when he was able to do so and at some time in the future after he had completed payment on certain investment which he had made theretofore." While, to say the least, a very interesting question is presented by the objection, there is no need to consider it here, since, as

further contended by appellant, no cause of action for breach is stated even if a valid contract is alleged.

"A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed." (Sec. 7402, Rev. Codes.) Where the right of recovery is dependent upon the happening of a condition precedent or of a future event, the happening of the condition or contingency must be alleged and proved. (*Sutton* v. *Lowry*, 39 Mont. 462, 104 Pac. 545; *Broat Lumber Co.* v. *Van Houten*, 66 Mont. 478, 213 Pac. 1116.) That is obvious, for otherwise the conditions agreed to between the parties would ■ be nullified, a new contract would be made for them by the court, and the defendant's obligation and plaintiff's right would have accrued without reference to the express terms of the agreement.

Under the agreement pleaded or attempted to be pleaded, ■ , Binzel's obligation to pay plaintiff wages was to accrue only "if and when he was able to do so and at some time in the future after he had completed payment on certain investment." Manifestly plaintiff can make out no cause of action without showing that the circumstances making the wages payable have transpired. The plaintiff made no attempt to plead or prove that Binzel had completed payment upon the investment made, and the only investment shown by the evidence to have been made by him—the purchase of some real estate—had not been paid for by him, but the balance of some five or six hundred dollars had been paid by the administratrix in the course of the administration of his estate. Furthermore, plaintiff made no attempt either to plead or prove that Binzel ever became able to pay her wages, and the evidence showed that even with the liquidation of Binzel's store and personal effects and the inclusion of insurance proceeds upon his life, the estate would be unable to pay the wages claimed. Under those conditions it cannot plausibly be contended that Binzel during his lifetime, or his estate after his death, ever became able to pay plaintiff's claim or that the failure in the complaint to state a breach of the agreement has been supplied by the evidence.

12

It is apparent, therefore, that this is not an instance in which the plaintiff may have had a cause of action and merely failed to plead it properly; but that no cause of action ever accrued to plaintiff under the agreement pleaded, even if we assume that the latter was valid. But we would not be understood as holding that the ability of the estate to pay the claim would be a compliance with the condition that wages were to become payable only when Binzel was able to pay it, even if his liability had not been made contingent also upon his own voluntary payment of an investment debt. The ability of the operator of a business to pay clerk hire presupposes his remaining in business so as to have occasion to pay wages, and plaintiff cannot plausibly contend that her right to accumulated wages accrued as soon as he could have paid them by selling his store and going out of business. Still less can she plausibly contend that they became payable if to permit their payment he had to die so that the proceeds of his life insurance and his personal effects would be available for the purpose. Certainly the term "ability to pay" as used in this connection means the ability to pay in the ordinary course of promisor's accustomed way of life, and not by liquidating his business, his life insurance and the last of his clothing and personal effects.

Furthermore, without reference to the question whose right or duty it is under an agreement of the kind alleged to determine the question of promisor's ability to pay, it is clear from plaintiff's evidence that she was waiting for him to make the determination and that she accepted his conclusion a few months before his death that he was still unable to make payment. She testified that in the spring of 1938 he said, "I am getting by now, and I think I can pay you so much every month now;" that he also said about the same time, "I will pay it to you all in a lump sum * * * I think I can one of these days." This testimony seems inconsistent, but it clearly shows that she accepted his conclusion that he was not yet able to make lump sum payment of the amount claimed by her.

Plaintiff argues that the promisor's ability to pay need not be alleged or proven because if he could not pay in full

he should still pay what he could, and that his conditional promise should be taken as an absolute promise to pay to that extent. The argument would be good if the contract pleaded were such that it were in point. But the agreement was not to pay what he could, and this court may not make a new contract for the parties. If the promisor's agreement had been to build plaintiff a $4,000 house when financially able, it could as plausibly be contended that the ability need not be alleged or proven, because he was obligated to build as expensive a house as he could, and that if he was financially able to build only a $3,000 house he should do that. The analogy may not be exact, but it is close enough to illustrate the principle that the court may not remake the contract for the parties.

It is by far the majority view that a promise to pay when able is not an absolute but a conditional promise, and that therefore the promisee, in order to recover on it, must allege and prove the promisor's ability to pay; although a few courts have held such promise absolute and not conditional. (See annotation, 94 A. L. R. 721.) We see no justification for departing from the majority rule so as to hold absolute a clearly conditional promise and thus make a new contract for the parties.

This discussion has necessarily conformed to the theory upon which plaintiff's presented claim and her complaint were based; namely that wages were to accrue from the opening of the store, but were to become payable only upon the happening of the contingencies stated. Under that theory the longer the time elapsing during her employment but before Binzel had completed payment upon his investment and had become able to pay her the accumulations, the larger plaintiff's contingent claim became and the less possible that he would ever be able to pay it in a lump sum, so that it would ripen into a matured debt. Aside from the conclusions pleaded as to the amounts due, etc., the allegations relative to the agreement are at least equally susceptible of the more reasonable and plausible interpretation that wages were not to commence accruing at all until such time as Binzel had completed payment upon his investment and was able to pay a current wage of $5 per day, without reference to

his ability to pay her a lump sum amounting to $5 for each day that she had worked since the store was opened. But the evidence showed affirmatively that even that slighter financial ability never developed, the limit of the testimony being her statement that in the spring of 1938 shortly before his death he said, "I think I can pay you so much each month now"—not $5 per day. On the other hand, while the evidence showed that during the last eighteen months of his life, when he actually employed an experienced clerk, he paid only $40 per month for such services, there is no evidence that he could have paid $5 per day. Thus under no construction of the pleadings, or of the pleadings and evidence together, can it be considered that plaintiff has either alleged or proved a cause of action for $3,750 wages or for any part thereof.

The complaint makes no direct allegation of non-payment as ▮ to either cause of action. An allegation of non-payment is an indispensable element of an action for breach of contract. (*Yancey* v. *Northern Pac. Ry. Co.*, 42 Mont. 342, 112 Pac. 533, and cases cited; *First Nat. Bank* v. *Silver*, 45 Mont. 231, 122 Pac. 584; *Lappin* v. *Martin*, 71 Mont. 233, 228 Pac. 763.)

Whether the conclusions pleaded that at the time of his death ▮ Binzel "was indebted" to her in the total amount claimed in both causes and that his estate and the administratrix thereof "are indebted" to her in that amount constitute sufficient indirect allegations of non-payment need not be considered, since any deficiency in the complaint in that respect must be deemed amended by her testimony, given without objection, that it had not been paid. (*Fabian* v. *Collins*, 3 Mont. 215, and many subsequent decisions of this court.) Since there is such testimony in the record the complaint must be deemed amended. Therefore after the amendment the rulings based upon the insufficiency of the complaint in that respect were obviously not erroneous, and any error prior to the amendment was cured by it.

The next question is whether, as to the second cause of action, ▮ the complaint sufficiently pleaded that Binzel's half of the earthquake repairs had become due and payable. No time was stated in which the payment was to have been made. Sec-

tion 7548, Revised Codes, provides: "If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly—as, for example, if it consists in the payment of money only—it must be performed immediately upon the thing to be done being exactly ascertained." It was ascertained when the bills were presented, and while there is no allegation or evidence that the amount of plaintiff's claim on this account was communicated to Binzel, it is pleaded and admitted that a verified claim was presented to defendant. The complaint, therefore, sufficiently shows that the amount was ascertained and that it was due and payable when the complaint was filed. Accordingly it must be held that the second cause of action was not defective in failing to show that payment was due and that the cause of action had accrued. Since a cause of action was stated as to the contract for payment of Binzel's half of the earthquake repairs, the objection that no cause of action was stated in the complaint is untenable, and the court was not in error with reference to the first four specifications.

However, it necessarily follows from what has been said concerning the first cause of action, that the verdict cannot be sustained for any amount in excess of that justified by the second cause. No cause of action being stated with reference to the first contract, even with the help of the evidence, it cannot be said that the evidence sustains a verdict for plaintiff upon it.

In the second cause of action plaintiff claimed to have expended $587.35 for earthquake repairs; but her evidence showed only $412.74 expended, and some of the items seem to have been for ordinary maintenance, replacements and repairs other than earthquake repairs. Examples of this are unexplained power and light bills and items for linoleum, window shades, water and gas pipe repairs, a new hot water tank with conversion burner, front steps and a cupboard. Plaintiff testified that Binzel had paid his one-half of the ordinary expenses, and claimed reimbursement only as to earthquake repairs. It cannot, therefore, be said positively that a judgment for one-half of the $412.74 expended, or $206.37, is warranted, but only that no larger amount is sustained by the evidence.

The judgment is therefore reversed and the cause remanded for a new trial of the second cause of action, unless the parties agree upon a settlement thereof. Each party shall pay her own costs on this appeal.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ERICKSON and AR-NOLD concur.

Rehearing denied October 22, 1940.