ROY W. KEY, Plaintiff and Respondent, v. JOE CLEMENTS, Defendant and Appellant.

No. 9671.
Submitted January 20, 1958. Decided April 2, 1958.
323 Pac. (2d) 603.

346

E. A. Cragholm, Missoula, for appellant.
Jeremy G. Thane, Missoula, for respondent.
Jeremy G. Thane, Missoula, argued orally for respondent.

THE HONORABLE E. E. FENTON, District Judge (sitting in place of MR. JUSTICE BOTTOMLY).

Plaintiff brought this, a claim and delivery action, in the district court of Missoula County, against the defendant. From the directed verdict the defendant has appealed.

In such action, plaintiff sued in claim and delivery to recover possession of certain mining machinery. Possession of the machinery was thereupon taken by the sheriff and delivered to the plaintiff. The answer of the defendant admitted plaintiff's ownership, denied that defendant's possession was unlawful, and alleged an agreement between the parties whereby defendant was to have the sole use and possession of the machinery for a reasonable time in exchange for the right given the plaintiff to process an ore dump. The remainder of the answer sets forth allegations of detriment to the defendant by reason of the taking of the machinery. An amended cross-complaint, appended to the answer, further

alleged that the plaintiff's action in claim and delivery and the resultant taking of the property constituted a breach of an oral agreement between plaintiff and defendant; charged fraud and bad faith on the part of the plaintiff; recited the arrangements of defendant for the future operation of mining property leased by him; and alleged that the plaintiff's action had prevented defendant from carrying out these arrangements, to his damage in the sum of $3,500. A general demurrer to the amended cross-complaint was submitted without argument and overruled. By his reply the plaintiff denied all new matter in the answer and cross-complaint.

Upon the trial the plaintiff testified that the mining machinery was originally loaned to defendant to enable the latter to mine and ship certain ore "that he thought he could mine and ship immediately or within the next few weeks" The quantity of ore was referred to at one point in his testimony as approximately two to three carloads and at another point as five carloads. The date on which possession of the machinery was received by defendant does not appear, but the agreement referred to in the defendant's pleading is alleged to have been made on or about September 2, 1954. Thereafter, a letter written by plaintiff's attorney on January 21, 1955, requested the return of the machinery. Plaintiff testified that in answer to that letter an attorney then representing the defendant threatened to bring suit for breach of contract, but that in fact he had no contract, and that the plaintiff thereupon instituted this action to recover possession. The plaintiff's complaint was filed on January 26, 1955. Possession of the property was taken by the sheriff on January 28, 1955.

Plaintiff having rested, the defendant's first witness was quetsioned concerning his knowledge of defendant's mine, whereupon plaintiff's attorney objected to the introduction of any testimony in support of the cross-complaint on the ground that the same failed to state facts sufficient to constitute a cause of action. The objection was sustained as were

further objections to additional questions apparently intended to elicit testimony relating to the detriment alleged to have been suffered by defendant by reason of the taking of the mining machinery. Coincident with these rulings, a somewhat acrimonious colloquy was exchanged between the court and counsel for defendant. No other witnesses were called by defendant and his counsel rested, stating, "It is evident that there is no point in my trying to continue this case further. Our only solution * * * is to appeal and try the case before the Supreme Court * * *." The court thereupon directed a verdict for the plaintiff and this appeal followed.

One of defendant's specifications of error charges that the district court "erred in that it was biased, prejudiced, capricious, vilified counsel, disregarded the law and abused its discretion." While the record indicates a considerable degree of acerbity in the exchanges between court and counsel, we find no showing of any resulting prejudice to defendant's case. Counsel for defendant persisted in his attempts to introduce evidence in support of the amended cross-complaint, notwithstanding the court's ruling that it did not state a cause of action. The controlling issue remaining after this ruling of the lower court was that presented by defendant's denial of plaintiff's right to immediate possession of the machinery and by defendant's affirmative allegation that he was entitled thereto. The court at least twice stated to counsel that he would be permitted to offer testimony concerning the right to possession of the machinery. Thereupon the following testimony was given by defendant's witness: "Q. Did you, of your own knowledge, know that Joe Clements had the right to the equipment? A. Yes, I understood he had some kind of an agreement. What the agreement was was never discussed. I had nothing to do with that part of it at all." Neither the defendant himself nor any other witness was called to supplement the testimony quoted, or to refute the testimony of the plaintiff as to his right of possession of the

machinery. This issue was thereupon resolved by the court's direction of a verdict for the plaintiff. Since no decision was required of the jury no prejudice to defendant could result from the possible effect upon the jurors of the asperity of the exchange between court and counsel. Further, the rulings made during the trial do not appear to have resulted from any bias or prejudice.

The record shows no error in directing a verdict for the plaintiff. As stated above, the defendant introduced no evidence with respect to the right of possession of the property in question. Instead, he sought to introduce testimony concerning damage sustained by reason of the taking of the property by the plaintiff, but without including in his case in chief any evidence indicating that such taking was without right. The only witness called by defendant disclaimed any knowledge concerning the terms of the agreement relied on by the defendant as the basis of his right to possession, and that witness did not in any manner controvert the testimony of the plaintiff. The following statement of this court in Consolidated Gold & Sapphire Mining Co. v. Struthers, 41 Mont. 565, 572, 111 Pac. 152, 156, is appropriate:

"So, too, whenever the defendant has failed to make proof of his defense, but has left the plaintiff's case, as shown by his evidence, uncontroverted, and this stands unimpeached so that but one inference may be drawn from it, and that favorable to the plaintiff, it has been the practice for the court to direct a verdict for the plaintiff * * *. When a case is in this condition, it is stripped of questions of fact, and presents only a question of law for decision by the court." See also, Erie v. Wahl, 116 Mont. 515, 155 Pac. (2d) 201, and cases therein cited.

Insufficiency of the plaintiff's demand for the return of his ██ property is charged, by reason of the fact that only five days intervened between the date of the demand and the commencement of plaintiff's action. Plaintiff's undisputed testimony shows that in response to his attorney's request for

the return of the property an attorney then representing the defendant threatened the plaintiff with a damage action. Thereupon plaintiff instituted this action, and it is apparent that, in view of the defendant's attitude as evinced by the statements of the attorney then representing him, the allowance of further time would have been unavailing. Further the defendant's answer denied plaintiff's right of possession and asserted that defendant had the right to detain possession. "Where the party upon whom it is claimed to have been necessary to make a demand asserts in the action a claim or right, in respect to the subject matter of the controversy, so inconsistent with that of the adverse party as to make it clear that a demand would have been unavailing, none is necessary." 46 Am. Jur., Replevin, section 56, page 34. See also Annot., 145 A. L. R., Replevin-Demand-Waiver, 743, 749. It is a general rule that when it is apparent that a previous demand would have been met with a refusal no showing of a demand is necessary, as the law does not require the doing of a useless act. Hollensteiner v. Anderson, 78 Mont. 122, 252 Pac. 796. We find no merit in the defendant's contention with respect to the insufficiency of the plaintiff's demand.

Defendant specifies error because of the lower court's ruling that the amended cross-complaint did not state a cause of action and because of its refusal to permit the introduction of evidence in support thereof. The ruling was upon the ground that the amended cross-complaint did not set out a complete cause of action. That ruling must be upheld; the cross-complaint sets forth conclusions unsupported by any sufficient statement of facts; the attempted statement of a cause of action is defective and incomplete.

This court appears to have had no occasion to point out the rules of pleading applicable to cross-complaints, but the following statement in Word v. Moore, 66 Mont. 550, 557, 214 Pac. 79, 81, applies as well to cross-complaints as to counterclaims:

"The general rules of pleading are applicable to counterclaims. Facts must be stated which constitute a cause of action against the plaintiff, and the sufficiency of the counterclaim must be governed by the same rules is if the defendant had brought suit against the plaintiff."

See, also J. M. Broat Lumber Co. v. Van Houten, 66 Mont. 478, 213 Pac. 1116; Galland v. Galland, 70 Mont. 513, 226 Pac. 511. A counterclaim "must constitute a cause of action complete within itself." Hillman v. Luzon Cafe Co., 49 Mont. 180, 188, 142 Pac. 641, 644. The applicability of these rules to cross-complaints is illustrated by the following language in 1 Bancroft's Code Pleading, section 451, page 652: "It is a general rule that a cross-complaint must contain every allegation which would be essential to an original complaint upon the same cause of action, and also all facts essential to show that the demand is a proper subject of cross-action; a cross-complaint may not be helped out by any allegations or admissions in the main pleadings, but must be sufficient in itself without recourse to other parts of the pleadings, or to other pleadings, in the absence of express reference." See 71 C. J. S. Pleading, section 167 b, paragraphs 344, 345.

In the case at bar the allegations of the amended cross-complaint are not amplified through an incorporation by reference of any portion of any other pleading, and, standing alone, this cross-complaint patently fails to set forth facts sufficient to constitute a cause of action.

During the trial in the court below defendant's counsel insisted that any objections to the sufficiency of the cross-complaint had been waived. This contention is again raised in the reply brief filed in this court. Therein defendant points out that plaintiff's general demurrer to the amended cross-complaint was overruled "and the plaintiff did not contest the trial court's ruling until the defendant began to present his side of the case when he again raised the question. It would seem that the right to any further attacks on the cross-complaint were waived by * * * going to trial

on the merits. Rogers v. Rogers, 123 Mont. 52, 209 Pac. (2d) 998.''

Neither in the case cited nor elsewhere do we find any support for the defendant's contention. The sufficiency of an original complaint is never waived, Binzel v. Viehmann, 111 Mont. 6, 106 Pac. (2d) 187; Calkins v. Smith, 106 Mont. 453, 78 Pac. (2d) 74; Hand v. Heslet, 81 Mont. 68, 261 Pac. 609, and as previously shown, cross-complaints and original complaints are governed by the same general rules of pleading. It is apparent that there is no basis upon which this contention of defendant could be upheld.

The defendant specifies error ''in directing a verdict which did not fix the value of the equipment and which entitled the plaintiff to expenses and costs.'' It is provided by section 93-8602, subd. 2, R.C.M. 1947, that costs are allowed to the plaintiff upon a judgment in his favor, ''In an action to recover the possession of personal property, where the value of the property exceeds fifty dollars; such value shall be determined by the jury, court or referee by whom the action is tried.''

Plaintiff concedes that he failed to offer proof of the value of the personal property, but asserts that the error in allowing costs was corrected by a later order of the district court granting defendant's motion to strike plaintiff's cost bill. The judgment should be modified by eliminating the allowance of costs to plaintiff.

After the filing of the notice of appeal, the lower court granted plaintiff's motion to amend the judgment to show that the verdict was by direction of the court, and also ordered that the undertaking on claim and delivery be released and discharged. Defendant charges error, in that the lower court was without jurisdiction after the appeal was perfected. Were we to say that the granting of these motions was manifestly erroneous, this still could not alter the conclusion that the lower court was correct in directing a verdict for the plaintiff. That conclusion is determinative of the

rights of the parties to this controversy, and a further decision upon the last above-mentioned specification of error would answer no purpose and be of no effect.

The record herein affords no sufficient reason to remand this cause in order to permit the defendant to again amend his amended cross-complaint. By the amended cross-complaint the defendant attempted to plead, first, that the plaintiff's taking of the property in the claim and delivery action was wrongful, and, second, that defendant was damaged thereby. The disputed right of possession was the decisive issue sought to be submitted by the cross-complaint. This decisive issue was the same under the amended cross-complaint as that presented by the denial in defendant's answer of the plaintiff's right of possession and again by the affirmative allegation of the answer that "defendant was and is entitled to the immediate possession of the property mentioned in the complaint." Under this answer, evidence proving or tending to prove that plaintiff had no right of possession and that defendant was entitled to possession was entirely relevant and competent. At least twice during defendant's case in chief the trial judge advised counsel for the defendant that such evidence would be received. The defendant did not avail himself of the right and opportunity then open to him to prove which of the parties was lawfully entitled to possession. Under these circumstances, a new trial following a further amendment of the amended cross-complaint would do no more than to once again give to the defendant the same right and opportunity to prove the same decisive issue which he was already at liberty to prove under the denials and affirmative allegations of his answer.

It is ordered that the judgment of the district court be modified by striking therefrom any allowance of costs to the plaintiff, and as so modified the judgment is affirmed. Respondent to recover his costs on appeal.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE CASTLES, concur.

MR. JUSTICE ANGSTMAN: (concurring in part and dissenting in part).

I have no quarrel with most of what is said in the foregoing opinion, but I would allow defendant the opportunity to amend his cross-complaint should he see fit to do so.

MR. JUSTICE ADAIR: (concurring specially in result only).

I concur in the result achieved but not in all that is said in the majority opinion herein, and I continue to entertain the views expressed in my dissent in the appeal in Rogers v. Rogers, 123 Mont. 52, at pages 63-81, 209 Pac. (2d) 998, at pages 1003-1012.