No. 80-62

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

———————————————————

MANAGEMENT, INC.,

Plaintiff and Appellant,

-vs-

MASTERSONS, INC., and GIB MASTERSONS, JR.,
RUTHERFORDS AMUSEMENT, INC., and FRED
RUTHERFORD, R & R LEASING, et al.,

Defendants and Respondents.

———————————————————

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Landoe, Brown, Planalp, Kommers & Lineberger, Bozeman,
Montana

For Respondents:

Drysdale, McLean, Screnar & Cok, Bozeman, Montana

———————————————————

Submitted on Briefs: August 1, 1980

Decided: September 8, 1980

Filed: SEP 8 - 1980

_____
Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the judgment of the District Court of the Eighteenth Judicial District, Gallatin County, which found plaintiff breached a contract, committed fraud and damaged property.

We shall consider three issues on this appeal:

1. Whether the District Court erred in finding that the September 21, 1978, buy-sell agreement was a novation of the May 12, 1978, agreement.

2. Whether the District Court erred in finding that the September 21, 1978, buy-sell agreement failed because of the nonfulfillment of a condition precedent of obtaining financing for the purchase of real property.

3. Whether the District Court erred by not interpreting the subject to financing clause to include reasonable terms.

Plaintiff, Management, Inc., brought suit for damages against defendant Mastersons, Inc., and others for breach of contract, interference with contract rights and fraud. Defendants responded with a denial of all allegations and counterclaimed for damages to property, improper repair and fraud. Trial was conducted without a jury. A judgment was rendered in favor of defendants on both the complaint and the counterclaim. Plaintiff appeals from the judgment.

Three land sales contracts for a lot in West Yellowstone, Montana, are at issue in this appeal. A commercial office structure known as the Scooter Building and a small rental cabin are on the property. The first contract between plaintiff, as buyer, and Yellowstone Amusement, Inc., consisting of defendant Mastersons, Inc., and defendant Rutherford Amusements, Inc., as seller, was signed on May 12, 1978. Under the terms of the contract, plaintiff agreed

to purchase the property for $65,000 plus 10 percent interest, with the purchase price due August 12, 1978. Because of heavy snow the Scooter Building had been damaged, so between May 12 and September 12, 1978, plaintiff effected reconstruction and repair. Monty Neville, the principal agent for plaintiff, testified that at that time he did not have the present ability to pay for the property, but he sought to repair the building and resell or lease it.

Plaintiff was unable to pay Yellowstone Amusements, Inc., when the obligation became due on August 12, but Neville informed Gib Mastersons, agent for Yellowstone Amusement, Inc., that he would give him a check when he received the funds from Empire Federal Savings and Loan in Livingston, Montana. Thereafter, Neville gave Mastersons a postdated check with directions to hold it a few days before cashing it. Mastersons did so, but the check was returned for insufficient funds.

In the meantime, Neville had informed defendant Ray Carkeek that the building was available for sale. He also informed Carkeek that the building was appraised at $211,000, that there was a lease on one-half of the building, that Empire Savings and Loan would finance the transaction and that there were only two claims against the property. At some point within this time frame, Neville tore down a rental cabin on the property. The facts are in dispute as to whether or not he had Mastersons' approval to do this.

On September 21, 1978, the second contract for the property was entered into with Gib Mastersons and plaintiff, as sellers, and defendants Carkeek, Robert Dye, Lewis Robinson, and Robert Russell, as buyers, agreeing to purchase the property for $125,000. The contract was subject to two typed provisions: first, that the entire contract

-3-

was subject to defendants being able to successfully obtain financing from Empire Federal Savings and Loan, Livingston, Montana; and second, that the sellers agreed to hold buyers harmless against any and all claims against the property.

The contract was to be closed on November 1, 1978, with defendant Mastersons receiving $65,000. Defendant Dye proceeded into negotiations with Empire and was refused financing. Defendants also discovered that Neville had not mentioned several other claims against the property. Defendants attempted to notify Neville of the failure of the contract provision, but because Neville was on a hunting trip, they placed a letter in his door which he found upon his return on October 29. Defendant Robinson contacted defendant Mastersons and advised him of the buyers' intention to cancel the contract for failure of a condition precedent.

On November 2, 1978, defendant Mastersons sold the property under a third contract to the partnership of defendants Dye, Robinson and Russell, known as Block Associates. Plaintiff took no part in the third contract.

The District Court found a novation of the first contract and that plaintiff had, in fact, breached the second contract and was in default of both contracts.

Plaintiff argues that the novation did in fact occur, but disagrees that the first contract was still binding. Plaintiff claimed that defendant Gib Mastersons, as agent for Yellowstone Amusement, Inc., consented to a new debtor when he entered into a buy-sell agreement on September 21, 1978, with plaintiff, as sellers. Carkeek, Dye, Robinson, and Russell were buyers. By that agreement defendant Mastersons, as agent for Yellowstone Amusement, Inc., was accepting the promise of Carkeek and the others to pay $125,000. Plaintiff insists that by accepting that promise from defendants, it

was discharging his debt owed to Yellowstone Amusement, Inc. In other words, the obligations between the original parties as found in the May 12, 1978, agreement were extinguished and a new obligation was created which is the basis of the novation.

We do not accept plaintiff's argument. We find no novation. The parties entered into a contract on May 12, 1978. The contract called for a payment on the contract on August 12, 1978. Plaintiff defaulted on September 21, 1978. Defendant Mastersons informed plaintiff of his default. Plaintiff further attempts to satisfy the contract obligation also failed when he gave defendant Mastersons, as agent for Yellowstone Amusement, Inc., a check which was returned marked "insufficient funds." The original May 12, 1978, contract stated in part: "If the entire sum is not paid then this contract shall be in default." At the time, the contract was not paid and plaintiff was in default. In a frantic attempt to forego the effects of default of the contract, plaintiff attempted to sell the property to another party—defendants Carkeek, Dye, Russell and Robinson, thereby claiming a novation and a discharge of the original contract.

"'Novation' is the substitution of a new obligation for an existing one." Section 28-1-1501, MCA. "Novation is made by the substitution of: (1) a new obligation between the same parties with intent to extinguish the old obligation." Section 28-1-1502, MCA.

> "In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well-settled principle that novation is never to be presumed; the point in every case, then, is, did the parties intend by their arrangement to extinguish the old debt or obligation and rely entirely on the new, or did they intend to keep the old alive and merely accept the new as further security, and this

question of intention must be decided from all of the circumstances." Harrison v. Fregger (1930), 88 Mont. 448, 453, 294 P. 372, 373.

We find no substituted contract. The new agreement is not a substituted contract operating as an immediate discharge. We find this by the reasonable interpretation of the intent of the parties as found in the record.

"There is no discharge by novation when a creditor merely accepts a payment made by a third person or assents to the assumption of the debt by such a third person. If the transaction reasonably appeared to him as one that would give him additional security, and not a wholly new and substituted obligor, there is no assent by him to such a substitution and there is no discharge by novation." Corbin on Contracts, §1298 at 224 (1962).

Defendant Mastersons was the original obligee. Plaintiff defaulted. The original contract was breached for nonpayment. Defendant Mastersons simply wanted his money for the building and property. He did not want to substitute the contract with another person. Plaintiff is a real estate broker. He attempted to secure additional buyers for the property when he was in default and induced defendant Mastersons by allowing plaintiff to enter the buy-sell agreement of September 21, 1978, as a seller. However, in the end, the buy-sell agreement failed to effectuate a binding contract. There was no substituted contract. The District Court found that the condition precedent of obtaining financing for the property was not fulfilled, therefore rendering the second contract null and void. The original obligor was never discharged. Failure to effectuate a second contract resulted in no contract. Without a second contract, there can be no novation.

Plaintiff argues that the District Court erred by finding that the subject to financing clause was a condition precedent and without finding that defendants had to make

-6-

reasonable effort to secure financing, thereby, allowing the defendants to get out of the September 21, 1978, contract.

We disagree. The buy-sell agreement specifically stated that "this offer is subject to financing at Empire Federal Savings and Loan, Livingston, Mt."

> "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. If the condition is not fulfilled, the right to enforce the contract does not come into existence." Williston, A Treatise on the Law of Contracts, §663 at 126 (3rd ed. 1961).

> "A condition precedent is one which is to be performed before some right dependent thereon accrues or some act dependent thereon is performed." Section 28-1-403, MCA.

Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself and must be able and offer to fulfill all conditions concurrent so imposed upon him of the like fulfillment by the other party except as provided by section 28-1-407, MCA.

The District Court properly found that the failure to obtain the necessary financing for the purchase from Empire Federal Savings and Loan in Livingston, Montana, rendered the contract of September 21, 1978, a nullity. The provision is specific. Under the circumstances of this case, the efforts of defendants to obtain the financing were reasonable. Plaintiff represented to defendants that in fact he had a commitment for financing at Empire Federal Savings and Loan. Testimony from the bank officer indicated that no commitment was made. Further, defendants went to Livingston to make application for the loan but were informed by the loan officer that he would not make a loan in

West Yellowstone, Montana, to anybody and that it was futile at that point in time to make an application for a loan.

Plaintiff had no money. Plaintiff had no access to money--he was purely speculating on the property, and he embarked on a highly speculative venture in hope that some lending institution would give him the money, or in hope that he could somehow find a buyer for his property. Plaintiff did not put one cent of his own money into this building.

Plaintiff attempted to salvage a loosely-held financial gamble by making representations to others as an inducement to purchase the property. There was no loan. There was no commitment for a loan. There was no lease nor a commitment for a lease on the premises. In the end when the cards were called, plaintiff came up empty-handed. Plaintiff was obligated to make payment. He failed to do so. He attempted to make another party liable for his nonpayment and, thereby, extinguish his original obligations--this too failed.

Although the District Court erred in concluding that a novation had occurred, we find substantial evidence and proper application of law to uphold the awarding of damages for the breach of the May 12, 1978, contract.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_Frank J. Haswell_
Chief Justice

_Gene B. Daly_

_Daniel J. Shea_

_John C. Sheehy_
Justices