EARL MANNING, *et al.*

*v.*

LEO A. BLEIFUS, JR., *et al.*

(No. 14671)

Decided December 9, 1980.

*Robinson & Dickinson and Robyn Ruttenberg* for appellants.

*Riley, Yahn & Cooey, Robert A. Yahn and Craig Broadwater,* for appellees.

HARSHBARGER, JUSTICE:

On May 9, 1977, the Mannings agreed to sell their residence to the Bleifuses by a contract that provided that the Mannings be paid $1,000 earnest money and $76,000 in cash upon delivery of a deed, all of which was "subject to the approval of financing," a phrase inserted by the buyers. Bleifus applied for a loan for the full purchase price at his bank. It appraised the property at $68,000 and offered to loan Bleifus eighty percent (80%) of that amount. He did not apply elsewhere for financing.

On May 23, Bleifus, by his attorney, notified the Mannings that he was unable to secure financing and considered the contract null and void. The Mannings sued in the Circuit Court of Ohio County for specific performance or damages amounting to the difference between the contract price and the ultimate sale price.

After both parties filed summary judgment motions, the court ordered the case to proceed to trial and required Manning to sell the property to mitigate damages, giving the Bleifuses twenty-four hours to match the best price offered. Bleifus met the $63,000 offer and the property was conveyed by deed dated October 27, 1977. Bleifus borrowed from his bank $70,000 to purchase the property, secured by deed of trust on it and on the Bleifus residence.

On January 13, 1978, after the damages were determined, Manning moved for summary judgment. The motion was

denied but the court held the "approval of financing" clause to be a condition precedent to a valid contract and convened an advisory jury to determine whether Bleifus made reasonable efforts to secure financing. It found Bleifus had failed to make reasonable efforts and the court decided that the Mannings were entitled to the difference between the contract price and eventual sale price, plus interest.

The Bleifuses contend that circuit court erred by concluding that the contract was valid, that the Bleifuses did not make a reasonable effort to obtain financing, that the jury issue should be limited to that question, that litigation of misrepresentation and reliance matters was not permissible, and by proceeding at law rather than in equity.

We affirm the circuit court.

"It is presumed that parties enter into a contract with the intention of accomplishing some purpose by it; and, therefore, courts will not give to the contract a construction which will render it void if it can reasonably be interpreted in such a way as to give it effect." *Phillips v. Rogers*, 157 W.Va. 194, 200 S.E.2d 676 (1973), Syllabus Point 1. Although the phrase "subject to the approval of financing" is far from specific, it is not so indefinite or devoid of meaning as to void the contract.

A majority of jurisdictions have interpreted "subject to financing" clauses to be enforceable conditions precedent to a real estate contract. *See generally* 81 A.L.R.2d 1338, §§1-2 (1962 and later case service). *See also* 5 A.L.R.2d 287 (1949 and later case service). But the buyer must make reasonable, good faith efforts to obtain financing. *Betnar v. Rose*, 259 Ark. 820, 536 S.W.2d 719 (1976); *Liuzza v. Panzer*, *La.App.*, 333 So.2d 689 (1976); *Williams v. Cormier*, La. App. 100 So.2d 307 (1958); *Rand v. B. G. Pride Realty*, Me., 350 A.2d 565, 568 (1976), *motion dismissed*, 360 A.2d 519; *Bushmiller v. Schiller*, 35 Md. App. 1, 368 A.2d 1044 (1977); *Solberg v. Kane*, Mo., 536 S.W.2d 885 (1976); *Simms Co. v. Wolverton*, 232 Or. 291, 375 P.2d 87 (1962); *Willeford v. Walker*, Tex. Civ. App., 499 S.W.2d 190 (1973); *Hanover, Ltd.*

*v. Fields,* Utah, 568 P.2d 751 (1977); *Noah v. Montford,* 77 Wash. 2d 459, 463 P.2d 129 (1969), *rehearing denied;* 78 A.L.R.3d 880 (1977 and Supp.)

Whether a buyer made good faith, reasonable efforts is a fact question that we will not reverse unless clearly wrong and against the preponderance of evidence. *Frasher v. Frasher,* W.Va. 249 S.E.2d 513 (1978); *Blamble v. Harsh,* W. Va. 260 S.E.2d 273 (1979). This trial court did not err when it submitted to and accepted an advisory jury's determination that the Bleifuses did not make reasonable efforts to obtain financing.

The trial court did not err when it disallowed testimony about the real estate agent's misrepresentation and appellants' reliance thereon. Misrepresentation is a defense to a suit for specific performance. *Crotty v. Effler,* 60 W.Va. 258, 54 S.E. 345 (1906). But the learned circuit judge did not permit the case to go to trial on specific performance. His opinion on the summary judgment motion of January, 1978, limited the remedy to damages for breach of contract, and with that he took from the Bleifuses their misrepresentation proof. They did not specifically plead fraud, mistake or misrepresentation in the Mannings' damages action as required by W. Va. Rules of Civil Procedure, Rules 8 and 9(c), and therefore, are foreclosed from introducing such evidence.

Specific performance requires that there be no adequate remedy at law. 17 Michie's Jurisprudence, Specific Performance § 5 (1979 and Supp.). This suit was instituted by the vendors, who had the option to (and did) resell the property; and so the difference between the contract price and actual sale price does adequately remedy the vendor's loss. The unique nature of land, which often underlies a decree for specific performance in real estate contracts, would encourage courts to afford vendees specific performance rather than vendors. The Mannings did not contest the trial court's refusal to hear their action in equity and the Bleifuses have no standing to raise the question on appeal. They asked that the contract be invalidated, not specifically performed, in their pleadings—they plead as a third defense in their answer that specific performance was not

an applicable remedy—and cannot now argue that the court erred by not hearing the case as one for specific performance.

*Affirmed.*