603 A.2d 41

TOMASZ CECHULSKI, FELIKS CECHULSKI AND JAROSLAW CE-
CHULSKI, PLAINTIFFS–APPELLANTS, v. HALIFAX BUILD-
ERS, INC., THEIR EMPLOYEES, AGENTS, SERVANTS, SUC-
CESSORS AND ASSIGNS, BRISTOL REALTY GROUP, INC.
THEIR AGENTS, SERVANTS, SUCCESSORS AND ASSIGNS,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted November 26, 1991—Decided December 13, 1991.

Before Judges SKILLMAN and D'ANNUNZIO.

*Juman & Juman,* attorneys for appellants (*Stephen F. Juman,* of counsel; *Thomas V. Grealis,* on the brief).

*Gasiorowski & McLeod,* attorneys for respondents (*Robert E. McLeod,* of counsel and on the brief).

PER CURIAM.

Plaintiffs, purchasers under a contract for the sale of a single family residence, commenced this action to recover the balance of their contract deposit retained by defendants, the seller and selling realtor. Defendants counterclaimed alleging in their first count that plaintiffs breached their obligation "to make a good faith effort to secure a mortgage loan in the amount of $150,000.00." The trial court granted summary judgment in favor of defendants "forfeiting the entire deposit paid by the plaintiffs as damages to be paid to defendants." Plaintiffs appeal and we now reverse.

In their appellate brief, plaintiffs concede their implied contractual duty to make a *bona fide* good faith effort to secure the requisite financing. *See Schultz v. Topakyan,* 193 *N.J.Super.* 550, 553, 475 *A.*2d 91 (App.Div.), *certif. denied,* 99 *N.J.* 207, 491 *A.*2d 704 (1984); *see generally,* Donald M. Zupanec, Annotation, *Sufficiency of Real–Estate Buyer's Efforts to Secure Financing upon Which Sale is Contingent,* 78 *A.L.R.*3d 880 (1977). Plaintiffs contend that they satisfied their obligation by making an oral inquiry of a representative of Safe

Harbor Mortgage Company, Union, New Jersey. According to plaintiffs, the representative informed them that they did not qualify for the mortgage loan. In granting defendants' motion the trial court ruled that an oral inquiry to a single lending institution cannot be deemed a reasonable effort to obtain financing.

The contract's mortgage contingency clause did not specifically define the performance that would satisfy it. It provided that "[p]urchaser shall make immediate application to procure a Purchase Money Mortgage in the amount of $150,000" at prevailing rates for a 30 year term. It did not expressly require a written application or more than one application.

■■ Whether plaintiffs fulfilled their duty to make a *bona fide* good faith effort to secure financing depends on the circumstances surrounding their conversation with Safe Harbor's representative. For example, the representative's authority, actual or apparent, and the substance of plaintiffs' conversations with the representative are critically important. Plaintiffs' actual credit worthiness and whether they made full and accurate disclosure to Safe Harbor must also be considered. We are satisfied that in the appropriate case an oral rejection based on an oral application may satisfy a mortgage contingency clause and, therefore, the trial court erred in applying an inflexible rule that an oral application can never satisfy the buyer's duty. *See Saltzman v. McCombs,* 71 *Nev.* 93, 281 *P.*2d 394 (1955) (evidence not sufficient to establish that purchasers failed to make bona fide effort to obtain FHA loan where evidence showed that purchaser inquired at local FHA office and then contacted bank official who testified that he told purchaser that he would not qualify under FHA regulations and that submitting an application would be useless; any breach without consequence since record showed application would have been rejected); *Century 21 Acadia Realty and Development Co. v. Brough,* 393 *So.*2d 287 (La.Ct.App.1980) (failure of purchasers to apply for 30 year loan did not consti-

tute bad faith precluding them from invoking financing contingency in contract where bank manager informed them that bank was not taking applications for terms of over 25 years and where there is no evidence that any other institution would have approved the loan or that plaintiff offered to help purchasers locate such a lender); *Management, Inc. v. Mastersons, Inc.*, 189 *Mont.* 435, 616 *P.*2d 356 (1980) (efforts to obtain financing were reasonable where buy-sell agreement stated that offer was subject to financing at a specified bank and where prospective buyers went to bank to apply for a loan but were told by loan officer that he would not make a loan in West Yellowstone, Montana, to anybody and that it would be futile to make an application at that time). *But cf. Bee Kay Realty Corp. v. Cayre*, 256 *So.*2d 539 (Fla.Dist.Ct.App.), *certif. denied*, 263 *So.*2d 207 (1972) (inquiry to bank not a reasonable effort to secure mortgage); *Manning v. Bleifus*, 166 *W.Va.* 131, 272 *S.E.*2d 821 (1980) (buyer's one application to his own bank not a reasonable to secure financing).

Reversed and remanded for further proceedings.