DA 07-0056

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 373N

RICHARD HAY,

      Plaintiff and Appellant,

  v.

CITY OF MILES CITY; CITY OF MILES CITY POLICE
DEPARTMENT; LISSA POWER, in her official capacity
as Chief of Police for Miles City; OFFICER BARNEY
MURNIN, in his official capacity as a police officer for the
Miles City Police Dept.; and JEFFREY A. NOBLE, in
his official capacity as City Prosecutor for Miles City,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                 In and For the County of Custer, Cause No. DV 05-193
                 Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Jeffrey A. Simkovic; Billings Legal, Billings, Montana
           Mary Ann Sutton; Attorney at Law, Missoula, Montana

      For Appellees:

           Harlan B. Krogh; Moulton, Bellingham, Longo & Mather,
           Billings, Montana

Submitted on Briefs:  October 31, 2007

Decided:  November 10, 2008

Filed:

                                         _____
                                           Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard Hay appeals from the judgment of the Sixteenth Judicial District Court, Custer County, entered on its order granting summary judgment to the City of Miles City, City of Miles City Police Department, Lissa Power in her official capacity as Chief of Police for Miles City, Officer Barney Murnin in his official capacity as a police officer for the Miles City Police Department, and Jeffrey A. Noble in his official capacity as City Prosecutor for Miles City (collectively, the defendants). We affirm.

¶3 The restated issue on appeal is whether the District Court erred in concluding it could not grant Hay's requests for declaratory, injunctive or other equitable relief.

**BACKGROUND**

¶4 In 2004, the City of Miles City charged Hay with the misdemeanor offense of "unlawful transactions with children," alleging he sold alcohol to a minor. Subsequently, the city prosecutor moved to dismiss the charge, stating an insufficiency of the evidence concern and that, "if this charge is dismissed without prejudice, it can be refiled in the future if necessary, which shall provide the Defendant with an incentive to not commit any further violations of law." The City Court dismissed the charge without prejudice. Hay then filed

2

two documents in the City Court, expressing dissatisfaction with the dismissal without prejudice and asserting the prosecutor's reference to "further violations of law" erroneously implied he had previously engaged in criminal conduct. Hay requested that the City Court "complete[ly]" dismiss the charge—meaning, with prejudice—or proceed to trial so he could "clear his good name and reputation."

¶5 On the date originally set for trial, Hay discussed the matter with the City Clerk, who advised him the case was dismissed and the City Court received his subsequent filings after the dismissal. Subsequently, the City Court denied Hay's post-dismissal requests. Hay did not appeal from the dismissal of the criminal charge or the order denying his post-dismissal requests. The statute of limitations for the dismissed misdemeanor charge expired in May of 2005.

¶6 In 2005, Hay filed a civil complaint and demand for jury trial in the District Court. Among other things, he alleged violations of his civil rights as contemplated in 42 U.S.C. § 1983. He requested a "declaration that [his] civil rights were violated" and "affirmative injunctive relief to cause the criminal charges to be dismissed **with prejudice** to further prosecution." The defendants moved for summary judgment. The District Court granted the motions, reasoning in part that it could not grant Hay's requested relief. Hay appeals.

**STANDARD OF REVIEW**

¶7 We review a district court's grant of summary judgment de novo, applying the same criteria used by the district court. *See Zier v. Hancock*, 2008 MT 255, ¶ 10, 345 Mont. 89, ¶ 10, 189 P.3d 1193, ¶ 10 (citations omitted).

3

## DISCUSSION

**¶8** *Did the District Court err in concluding it could not grant Hay's request for declaratory, injunctive or other equitable relief?*

**¶9** Regarding Hay's request for a declaratory judgment, the District Court reasoned in part that it could not grant declaratory relief via factual determinations relating to whether Hay's constitutional rights had been violated because, under Montana law, a declaratory judgment is primarily intended only to adjudicate the rights of parties by determining the meaning of a law or contract. On appeal, Hay does not directly address this reasoning. Moreover, we observe that Hay has consistently indicated—from his demand for a jury trial through his assertions in summary judgment briefing—that factual determinations would be necessary in order to decide whether his constitutional rights were violated.

**¶10** Hay asserts, however, that the Supremacy Clause of the United States Constitution provides that state laws hindering enforcement of federal constitutional guarantees must give way and cannot limit an otherwise appropriate remedy for a constitutional violation. We are unable to address these somewhat attenuated assertions because Hay does not tie them to the Montana authorities on which the District Court relied; nor has he advanced any authority—federal or state—for the proposition that a court's function in a declaratory proceeding is to make factual findings.

**¶11** Hay having failed to address the District Court's reasoning, we conclude Hay also has failed to establish error in the District Court's determination that it could not grant his request for declaratory judgment. *See e.g. Rolison v. Deaconess*, 2005 MT 95, ¶ 31, 326 Mont. 491, ¶ 31, 111 P.3d 202, ¶ 31 (citation omitted).

4

¶12 Regarding Hay's request for injunctive relief, the District Court relied on *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S. Ct. 1660 (1983). On appeal, Hay asserts—and we agree—that *Lyons* is distinguishable. We disagree, however, with Hay's assertion that he is entitled to the injunctive relief he has requested.

¶13 Hay's overarching assertions on this point are that a court may grant equitable relief in a § 1983 action, case circumstances dictate whether a particular type of relief is appropriate, and injunctive relief differs from—but may relate to—a declaratory judgment. Hay advances no cases involving a dismissed criminal charge, a prosecutor's statement in a motion to dismiss a criminal charge, or a request to reopen a closed case. Nor does he analogize this case to the circumstances of any case in which injunctive relief was deemed available or appropriate. We conclude Hay has not established error in the District Court's determination that it could not grant injunctive relief.

¶14 Finally, the District Court reasoned that Hay had not advanced authority supporting his suggestion that the court could fashion equitable relief outside the restrictions for injunctive relief or declaratory judgments. Hay does not address this reasoning, and his general assertions regarding the availability of equitable relief in § 1983 actions are not sufficient to establish error. We note we rejected a similar but not identical argument that courts have inherent or equitable authority to expunge records in *State v. Chesley*, 2004 MT 165, ¶¶ 10-15, 322 Mont. 26, ¶¶ 10-15, 92 P.3d 1212, ¶¶ 10-15.

¶15 We affirm a district court's decision which reaches the correct result, regardless of the court's reasoning. *State v. Flaherty*, 2005 MT 122, ¶ 16, 327 Mont. 168, ¶ 16, 112 P.3d

5

1033, ¶ 16 (citation omitted). Having concluded Hay has not established entitlement to the relief he seeks for the reasons set forth above, we need not address the District Court's additional reasoning.

¶16    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE