**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1242-16T1

DAMARIS SANTIAGO,

    Plaintiff-Appellant,

v.

JUAN A. ISALES,

    Defendant-Respondent.

_____

Submitted March 19, 2018 — Decided July 26, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Middlesex
County, Docket No. FM-12-0544-15.

Damaris Santiago, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Damaris
Santiago challenges an October 14, 2016 order denying her request
to vacate that portion of a August 19, 2016 order designating
defendant Juan A. Isales as her attorney in fact for the purpose
of signing a listing agreement and other documents necessary for

the sale of property located at XXX Oak Street in Perth Amboy.  We affirm.

Following almost forty-five years of marriage, the parties divorced in July 2015.  Their Dual Final Judgment of Divorce incorporated by reference a Matrimonial Settlement Agreement (MSA) which granted defendant exclusive possession of the Oak Street property,[1] and required that the property be listed with a realtor and sold.  The MSA further required that the parties receive equal shares of the net equity in the property, subject to the allocation of specified credits.

Within weeks of their divorce, plaintiff moved to compel defendant to sell his interest in the property to her.  Defendant cross-moved for an order finding plaintiff in violation of litigant's rights by failing to sign a listing agreement and appointing defendant as plaintiff's attorney in fact for the purpose of signing the listing agreement.  On September 4, 2015, the court entered an order denying plaintiff's motion to modify the MSA's provisions concerning the sale of the Oak Street property

---

[1]  The parties also owned property at YYY Oak Street and agreed to sell that home as well.  This appeal pertains only to the XXX Oak Street property.

A-1242-16T1

and her request to compel defendant to sell his interest in the property to her. The court also denied defendant's cross-motion.[2]

Ten months later, plaintiff filed a second post-judgment motion and supplemental motion requesting, among other things, that the court compel defendant to sell plaintiff his interest in the Oak Street property. Defendant again cross-moved for an order finding plaintiff in violation of litigant's rights for refusing to sign a listing agreement, and designating defendant as plaintiff's attorney in fact for purposes of executing the listing agreement and all other documents required to sell the property.

In an August 19, 2016 order, the court denied plaintiff's motion to modify the MSA "as it relates to" the Oak Street property, and compel defendant to sell his interest in the property to her. The court granted defendant's cross-motion, found plaintiff in violation of litigant's rights by refusing to sign a listing agreement and appointed defendant as plaintiff's attorney in fact for purposes of signing the listing agreement and the other documents required to sell the property.[3]

---

[2] The court's order states that the denials of the parties' motions were for reasons set forth on the record on September 4, 2015. Plaintiff has not supplied the transcript of the court's September 4, 2015 statement of reasons.

[3] The court's order stated that the reasons for the court's decisions were set forth on the record on August 19, 2016.

Defendant subsequently listed the property for sale with a realtor and entered into a contract of sale, executing the necessary documents as plaintiff's attorney in fact pursuant to the court's August 19, 2016 order. In September 2016, plaintiff moved in part to revoke defendant's authority to execute documents as her attorney in fact and, again, to require that defendant sell his interest in the property to her. Defendant cross-moved for dismissal of plaintiff's motion and an award of attorney's fees. In an October 14, 2016 order, the court denied both motions.

The sale of the property was scheduled for November 23, 2016. On November 21, 2016, plaintiff filed a motion returnable on December 16, 2016, requesting that she be permitted to purchase defendant's interest in the property. More particularly, plaintiff sought an order permitting her to purchase defendant's interest in the property for $112,000 based on an estimate of the property's value she obtained from the internet, and with the contingencies that defendant agree to remove her name from a credit card account they shared and waive his right under the MSA to a $25,000 credit against the equity in the home.

---

Plaintiff has not provided the transcript of the court's statement of reasons.

A-1242-16T1

The filing of plaintiff's motion delayed the closing. Defendant filed an order to show cause seeking an order again authorizing his execution, as plaintiff's attorney in fact, of the documents necessary to complete the sale. During the December 5, 2016 oral argument on defendant's application, his counsel advised the court that the purchaser of the property had served a notice stating the closing must occur on December 6, 2016, and asserting time was of the essence. Counsel represented that defendant would "be sued" if he did not timely complete the sale. Counsel further argued plaintiff's ongoing opposition to the sale constituted an effort to modify the express terms of the MSA to which she had voluntarily agreed. Plaintiff, appearing pro se, contended defendant was not paying the taxes on the property as required, and that she should be permitted to purchase his interest so she no longer had to rent a place to live.

In an opinion from the bench, the court found the property was "under contract to be sold with the time of the essence closing . . . scheduled for [the following day], December [6], 2016," and if the closing did not occur, plaintiff and defendant were subject to a lawsuit. The judge observed the sale of the property was consistent with the terms of the MSA, which was negotiated by the parties while represented by counsel and entered into voluntarily. The judge further found plaintiff's series of motions sought a

modification of the MSA, but the "bottom line is there is no basis for changing the" MSA.

The judge entered a December 5, 2016 order granting defendant the power to act as plaintiff's attorney in fact to complete the sale of the property. In his oral opinion, the court also denied plaintiff's November 21, 2016 motion for an order permitting her to purchase defendant's interest in the property. This appeal followed.

On appeal, plaintiff presents the following arguments for our consideration:

> POINT I
>
> THE MIDDLESEX COUNTY FAMILY COURT ERRED BY NOT TAKING INTO CONSIDERATION THAT JJ ELEK ALTERED THE XXX OAK ST. PROPERTY DISCLOSURE DOCUMENT BY [CHECKING] THAT THE PROPERTY HAD TERMITES AS THIS WAS FALSE INFORMATION ACCORDING TO AN INSPECTION DONE LATER ON BY HOME QUEST AND LETTER FROM ATTORNEY KENNETH GONZALEZ[.]
>
> POINT II
>
> THE MIDDLESEX COUNTY FAMILY COURT ERRED BY GRANTING DEFENDANT ATTORNEY IN FACT TO SELL PROPERTY XXX OAK ST. ALTHOUGH THERE WERE MULTIPLE EVIDENCE OF MISUSE OF HIS POWER BY ATTORNEY MICHELLE ROMAN.
>
> POINT III
>
> THE MIDDLESEX COUNTY FAMILY COURT ERRED BY OVERLOOKING THE FRAUD ATTEMPTED BY ATTORNEY MICHELLE ROMAN, ATTORNEY KENNETH GONZALEZ AND MAD TITLE AGENCY AS THEY ATTEMPTED TO [SELL] PROPERTY XXX OAK ST[.] AND INCLUDE ADDITIONAL

6

CHARGES IN THE CLOSING COST THAT ARE NOT MY (APPELLANT) RESPONSIBILITY.

POINT IV

THE MIDDLESEX COUNTY FAMILY COURT ERRED BY OVERLOOKING THE FACT THAT DEFENDANT STOP[PED] PAYING THE TAXES FOR OVER A YEAR OF PROPERTY XXX OAK ST[.] ALTHOUGH IT WAS STATED THAT IT WAS HIS RESPONSIBILITY IN THE MATRIMONIAL SETTLE[M]ENT AGREEMENT.

POINT V

RESPONDENT ALSO COMMITTED FRAUD BY HIDING ASSETS FROM BOTH PROPERTIES AND FAILING TO PROVIDE A LEGAL RENTAL LEASE OF PROPERTY YYY OAK ST. AND LIED ABOUT THE REAL REASON I WAS FORCE[D] TO LEAVE THE PROPERTY[.]

In her pro se brief, plaintiff challenges the court's October 14, 2016 order denying her request to vacate the August 19, 2016 order granting defendant the power to act as her attorney in fact for the purpose of signing the listing agreement and other documents necessary to sell the property; and the December 5, 2016 order again granting defendant the power to act as plaintiff's attorney in fact.[4]  In each point of her brief, she relies solely on <u>Rule</u> 4:50-1 to support her claim that the court erred in

---

[4]  Plaintiff does not argue the court erred by entering the August 19, 2016 order granting defendant the power to act as plaintiff's attorney in fact in the first instance.  An argument not briefed on appeal is deemed waived. <u>Jefferson Loan Co. v. Session</u>, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008); <u>Zavodnick v. Leven</u>, 340 N.J. Super. 94, 103 (App. Div. 2001).

entering the October 14 and December 5, 2016 orders. Although plaintiff did not cite Rule 4:50-1 in support of her motions before the Family Part, plaintiff contends her requests that the court vacate the August 19, 2016 order constituted motions for relief from the order under Rule 4:50-1.[5]

As the court correctly observed on December 5, 2016, plaintiff's motions and opposition to defendant's requests for appointment as her attorney in fact were founded on a request that the court modify the MSA. Indeed, the court denied plaintiff's motions and appointed defendant as plaintiff's attorney in fact because the MSA, which was incorporated in the Dual Final Judgment of Divorce, provided for the sale of the property. Thus, plaintiff's motions and opposition to defendant's appointment as her attorney in fact for purposes of selling the property constituted motions for relief from the divorce judgment under Rule 4:50-1. See Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004) (finding requests for relief from Family Part orders related to the equitable distribution of property are considered under Rule 4:50-1); see also Connor v. Connor, 254 N.J. Super.

---

[5] Plaintiff did not invoke Rule 4:50-1 in connection with any of the post-judgment motions filed in this matter. In addition, plaintiff also does not argue the court erred by denying any putative request during her series of motions for relief from the Dual Final Judgment of Divorce, which incorporated the MSA by reference.

591, 601 (App. Div. 1992) (finding parties to a divorce proceeding may move under Rule 4:50-1 to vacate an MSA). We therefore consider plaintiff's motions and oppositions as such.

Rule 4:50-1 provides:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"Relief [under Rule 4:50-1] is granted sparingly." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). A determination on a motion for relief under Rule 4:50-1 is "left to the sound discretion of the trial court, guided by principles of equity," ibid., "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion," U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion will

be found "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

In our consideration of plaintiff's arguments, we observe that her recitation of the purported facts are almost universally untethered to any citation to the record before the trial court. See R. 2:6-2(a)(5) (requiring that an appellant provide a "concise statement of the facts" that is "supported by references to the appendix and transcript"). The absence of the required citations appears easily explained. The record shows that many of the facts upon which plaintiff relies in her narrative of the alleged events were never presented to the motion court and, therefore, cannot provide a basis for a reversal of the court's orders. See State v. Harvey, 151 N.J. 117, 201-02 (1997) ("An appellate court, when reviewing trial errors, generally confines itself to the record.").

In any event, based on our careful review of plaintiff's submissions to the trial court, we do not discern any basis to conclude the court abused its discretion by denying plaintiff's requests to modify the MSA by barring defendant from selling the property in accordance with the parties' agreement. MSA's "are generally favored by the courts as a peaceful means of terminating

marital strife and discord so long as they are not against public policy." <u>Konzelman v. Konzelman</u>, 158 N.J. 185, 194 (1999) (quoting <u>Gordon v. Gordon</u>, 342 Md. 294, 301 (1996)); <u>see also</u> <u>Weishaus v. Weishaus</u>, 180 N.J. 131, 143 (2004). Although "incorporation of [an MSA] into a divorce decree does not render it immutable, nor its terms solely governed by contract law, nevertheless, if found to be fair and just, it is specifically enforceable in equity." <u>Eaton</u>, 368 N.J. Super. at 224 (internal citations omitted).

In support of her motions and opposition to defendant's cross-motions for relief that resulted in the October 14 and December 5, 2016 orders she challenges on appeal, plaintiff offered little more than assertions that she disagreed with the sale price of the property, defendant's and the realtor's handling of the sale, and the allocation of expenses and credits related to the property and its sale.[6] Plaintiff further consistently urged that she thought it made more sense for her to buy defendant's interest in the property, subject to contingencies requiring further modifications

---

[6] In plaintiff's certification in opposition to defendant's December 2016 order to show cause, she asserted defendant's counsel committed fraud because she submitted a copy of the MSA to the court that had initials written on it that were different than those shown on another copy. Plaintiff, however, does not dispute she testified at the July 14, 2015 divorce proceeding that she reviewed the MSA with her counsel, agreed to its terms and found them satisfactory, and entered into the MSA voluntarily. Any dispute concerning the initials on one copy of the MSA is therefore of no moment.

of the MSA, rather than being required to find another place to live.

"Rule 4:50-1 'requires proof of exceptional and compelling circumstances' as it is '[d]esigned to balance the interests of finality of judgments and judicial efficiency against the interest of equity and fairness.'" Id. at 222 (citation omitted). A party seeking relief under Rule 4:50-1 must establish "that enforcement of the order or judgment would be unjust, oppressive or inequitable." Ibid.

Here, the court considered plaintiff's submissions, and concluded her contentions reflected only "buyer's remorse" and she failed to demonstrate an entitlement to the modification of the MSA upon which her position rested. We find nothing in plaintiff's submissions supporting her various motions and opposition to defendant's cross-motions establishing an entitlement to relief from the MSA under any of Rule 4:50-1's subsections or showing that enforcement of the parties' agreement to sell the property was "unjust, oppressive or inequitable." Ibid. The court therefore did not abuse its discretion by entering either the

12                                                                    A-1242-16T1

October 14 or December 5, 2016 orders plaintiff challenges on appeal.[7]

Any of plaintiff's arguments we have not addressed directly are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.[8]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7]  We reject plaintiff's contention the court did not address her November 21, 2016 motion.  During the December 5, 2016 hearing on defendant's order to show cause, the court stated the motion was denied.

[8]  Plaintiff does not state whether the property was, in fact, sold on December 6, 2016, as anticipated.  If the property was sold, we would dismiss this appeal as moot.  See Greenfield v. N.J. Dep't of Corrs., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (citations omitted) ("An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.").

A-1242-16T1