# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Steve and Marietta Torrico,**
**Plaintiffs Below, Petitioners**

**vs) No. 18-1022**  (Raleigh County 17-C-64-D)

**Chase Cappellari,**
**Defendant Below, Respondent**

**FILED**

**February 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Steve and Marietta Torrico, by counsel Anthony M. Salvatore, appeal the Circuit Court of Raleigh County's October 16, 2018, order granting summary judgment in favor of Respondent Chase Cappellari. Respondent, by counsel Darl Poling, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This dispute concerns a contract to purchase real estate located at 142 Barnstaple Drive, in Daniels, Raleigh County, West Virginia. On or about October 24, 2016, petitioners entered into a contract with respondent, whereby respondent would purchase the property from petitioners for $359,000.[1] Respondent's offer to purchase was contingent upon securing financing from a designated lender, United Bank. Pursuant to the contract:

> a) This offer is made contingent upon Buyer obtaining a commitment for financing from a lending institution or individual, in an amount of not less than <u>Two hundred eighty seven thousand</u> Dollars <u>($287,000.00)</u>, and with an interest rate of not more

---

[1] Per the contract, time was of the essence, and the contract was to close by December 8, 2016, at 5:00 p.m. As is evident from the record, the contract did not close in accordance with the timeframe set forth in the contract, but the circumstances surrounding this issue are not clear from the record. Inasmuch as the circuit court did not rely upon this provision in its order granting respondent summary judgment, we refuse to address our lineage of cases addressing time of the essence clauses.

1

than 4% over a period of not less than 30 years, or under the following specific terms: Buyer is seeking financing through United.

Respondent initiated the loan process and an appraisal for the property from United Bank was returned on December 7, 2016, noting an appraised value for the property of $360,000.

Respondent took occupancy of the property and moved in prior to closing.[2] A mold inspection was conducted, which revealed that there was mold in the house. The mold report was shared with Allstate Insurance Company ("Allstate"), respondent's proposed insurer, and later, with United Bank. Following receipt of the mold report, Allstate issued a written denial of coverage. Thereafter, United Bank denied respondent's loan, noting that the property was an "unacceptable property." Respondent then immediately notified petitioners of his desire to terminate the contract. As a result, petitioners demanded that respondent vacate the premises and remove all belongings from the house within forty-eight hours. Respondent complied with this request and vacated the property.

Petitioners filed a complaint in the Circuit Court of Raleigh County alleging breach of contract.[3] Petitioners claim that they entered into a contract to purchase another home after entering into the real estate contract with respondent. They claim that as a result of respondent's breach of contract, they were forced to purchase the other real estate without the use of the proceeds expected in the real estate transaction with respondent.

After the parties engaged in discovery, respondent filed a motion for summary judgment. Following a hearing on the motion, the circuit court entered an order on October 16, 2018, finding that "[t]he court is controlled by the terms of the contract to which both the plaintiff and defendant agreed." Per the circuit court's order:

> There is no dispute that [the] ability of defendant to acquire financing through United Bank was a contingent provision of the October 24, 2016 agreement of the parties for the purchase and sale of the residential property. Defendant timely advised plaintiffs of the denial by United Bank and the cancelation of the contract of October 24, 2016. . . . Plaintiffs, who had agreed to permit defendant to occupy the property prior to closing, advised defendant to vacate the premises within 48 hours and defendant complied with the directive.

Further the circuit court found that "there is nothing in the contract that would require defendant to obtain an alternative means of financing." Accordingly, the circuit court granted respondent's motion for summary judgment and dismissed the action. This appeal followed.

---

[2] After taking occupancy, petitioners allege that respondent made numerous requests to repair/remediate issues with the house, to which petitioners acquiesced. Petitioners allege that they spent approximately $22,000 to remediate conditions of mold and $2,000 to install crown molding.

[3] The complaint was not included in the appellate record as required by Rule 7(d) of the Rules of Appellate Procedure, and, therefore, we rely upon the circuit court's order concerning the causes of action alleged in the complaint.

On appeal, this Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, syl. pt. 4. Additionally, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 3. Finally, we note that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995).

On appeal, petitioners assert that the circuit court erred in granting summary judgment in favor of respondent and, in doing so, usurped the role of the jury.[4] We disagree. This Court has

---

[4] The argument section of petitioners' brief lacks citation to law or the record in support of their position. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and *law presented,* the standard of review applicable, and *citing the authorities relied on . . . [and]* must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific

long held that "[w]here the parties to a contract have specified therein the conditions upon which an action upon the contract may be maintained, such conditions precedent generally must be complied with before an action for breach of contract may properly be brought." Syl. Pt. 1, *Vaughan Constr. Co. v. Va. Ry. Co.*, 82 W. Va. 658, 97 S.E. 278 (1918). Moreover,

> [t]here is no more firmly rooted principle of law than that these parties had a right to make whatever contract they pleased with reference to this property. Under the broad liberty of contract allowed by the law, parties may make performance of any comparatively, or apparently, trivial and unimportant covenant, agreement, or duty under the contract a condition precedent, and, in such case, the contract will be enforced or dealt with as made.

*Watzman v. Harry L. Unatin,* 101 W. Va. 41, 51, 131 S.E. 874, 878 (1926).

Respondent's offer to purchase petitioners' property was premised upon the contingency that he be able to obtain financing from United Bank, a condition agreed to by petitioners. As noted above, the circuit court found that the condition as to financing was an integral part of respondent's offer to purchase. This Court has held that conditions precedent to the sale of real estate, wherein the condition was one of obtaining financing, are enforceable. *See Manning v. Bleifus*, 166 W. Va. 131, 133, 272 S.E.2d 821, 823 (1980). In *Manning,* this Court held that a condition precedent for financing must be supported by the buyer's "good faith effort[s] to obtain financing." *Id.* Moreover, "[w]hether a buyer made good faith, reasonable efforts is a fact question that we will not reverse unless clearly wrong and against the preponderance of evidence." *Id.* at 134, 272 S.E.2d at 823 (citing *Frasher v. Frasher,* 162 W. Va. 338, 249 S.E.2d 513 (1978); *Blamble v. Harsh*, 163 W. Va. 733, 260 S.E.2d 273 (1979)).

As evidence of his "good faith" in the instant matter, respondent submitted his own affidavit and testimony from the loan officer from United Bank who was familiar with the transaction. The circuit court relied on the loan officer's testimony that he could not think of anything more that respondent could have done so that United Bank would have funded the loan. Accordingly, the circuit court found that respondent made a good faith effort to obtain financing as required by the contract. Given petitioners' failure to rebut this evidence, we agree with the circuit court. Thus, we find that the circuit court properly granted summary judgment in favor of respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 3, 2020

---

citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioners' brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure.

4

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison